LEE LITIGATION GROUP, PLLC
C.K. Lee, Esq. (CL 4086)
Anne Seelig, Esq. (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

ROBERTO ROBRENO, EARON BRATHWAITE and JOHN DOE,
*on behalf of themselves, FLSA Collective Plaintiffs and the Class*,

                Plaintiffs,

v.

EATALY AMERICA, INC.,
EATALY USA LLC,
EATALY NY LLC
    d/b/a EATALY NYC FLATIRON,
EATALY NY FIDI, LLC
    d/b/a EATALY NYC DOWNTOWN,
B & B HOSPITALITY GROUP LLC,
MARIO BATALI, JOSEPH BASTIANICH,
LIDIA BASTIANICH, NICOLA FARINETTI,
ADAM SAPER and ALEX SAPER,

                Defendants.

Case No.: 17-cv-9361

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiffs, ROBERTO ROBRENO, EARON BRATHWAITE and JOHN DOE ("Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants, EATALY AMERICA, INC., EATALY USA LLC, EATALY NY LLC d/b/a

EATALY NYC FLATIRON, EATALY NY FIDI, LLC d/b/a EATALY NYC DOWNTOWN, B & B HOSPITALITY GROUP LLC (collectively, "Corporate Defendants"), MARIO BATALI, JOSEPH BASTIANICH, LIDIA BASTIANICH, NICOLA FARINETTI, ADAM SAPER and ALEX SAPER (collectively, "Individual Defendants," and together with Corporate Defendants, "Defendants") and state as follows:

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid wages due to time shaving, (2) unpaid minimum wage due to invalid tip credit, (3) liquidated damages, and (4) attorneys' fees and costs.

2. Plaintiffs further allege, pursuant to the New York Labor Law ("NYLL"), that they are entitled to recover from Defendants: (1) unpaid wages due to time shaving, (2) unpaid minimum wage due to invalid tip credit, (3) statutory penalties, (4) liquidated damages, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff ROBERTO ROBRENO is a resident of Queens County, New York.

6. Plaintiff EARON BRATHWAITE is a resident of New York County, New York.

2

7. EATALY AMERICA, INC. is a domestic business corporation organized under the laws of the State of New York with an address for service of process located at c/o G.C. Consultants, 444 Madison Avenue, Suite 1206, New York, NY 10022.

8. EATALY USA LLC is a domestic limited liability company organized under the laws of the State of New York with an address for service of process at c/o EATALY NY LLC, 43 West 23rd Street, 7th Floor, New York, NY 10010.

9. EATALY NY LLC d/b/a EATALY NYC FLATIRON is a domestic limited liability company organized under the laws of the State of New York, with an address for service of process located at 43 West 23rd Street, 7th Floor, New York, NY 10010, and a principal place of business located at 200 5th Avenue, New York, NY 10010. Individuals Defendants MARIO BATALI, JOSEPH BASTIANICH, LIDIA BASTIANICH and ADAM SAPER are principals of EATALY NY LLC.

10. EATALY NY FIDI, LLC d/b/a EATALY NYC DOWNTOWN is a domestic limited liability company organized under the laws of the State of New York, with an address for service of process located at 43 West 23rd Street, 7th Floor, New York, NY 10010, and a principal place of business located at 4 World Trade Center, 101 Liberty Street, Floor 3, New York, NY 10007. Individuals Defendants MARIO BATALI, JOSEPH BASTIANICH, LIDIA BASTIANICH and ADAM SAPER are principals of EATALY NY FIDI, LLC.

11. B & B HOSPITALITY GROUP LLC is a domestic limited liability company organized under the laws of the State of New York, with principal place of business and an address for service of process located at 45 East 20th Street, 3rd Floor, New York, NY 10003. MARIO BATALI, JOSEPH BASTIANICH and LIDIA BASTIANICH are the principals of B & B HOSPITALITY GROUP LLC.

12. Defendants operate two Eataly marketplaces encompassing ten restaurants, four cafes, twelve food counters and a market in each location. Each Eataly marketplace consists of over twenty stalls selling different products, from beverages to food to retails items. The restaurants, cafes, food counters and stalls at the Eataly marketplaces often change names and appearance. The Eataly marketplaces operate as a single integrated enterprise, with locations at the following two addresses:

a) 200 5th Avenue, New York, NY 10010 ("Eataly NYC Flatiron" location):

   (i) Restaurants
      1. Riso e Risotto
      2. Manzo
      3. Baita
      4. La Pizza & La Pasta
      5. Il Pesce
      6. La Piazza
   (ii) Cafes
      1. Nutella Bar
      2. Caffe Lavazza
      3. Caffe Vergnano
   (iii) Counters
      1. Rosticceria e Panini
      2. I Cannoli di Eataly
      3. Pronto
      4. La Focaccia
      5. Il Gelato

b) 4 World Trade Center, 101 Liberty Street, Floor 3, New York, NY 10007 ("Eataly NYC Downtown" location):

   (i) Restaurants
      1. Vino e Grano
      2. Le Stagioni
      3. Osteria Della Pace
      4. La Pizza & La Pasta
   (ii) Cafes
      1. Caffe Lavazza
   (iii) Counters
      1. I Ravioli
      2. La Focacceria
      3. La Gastronomia
      4. Il Gelato

4

      5. La Pasticceria e Venchi
      6. La Rosticceria
      7. I Panini & Le Ciabette

(collectively, the "Eataly Marketplaces"). These lists are the restaurants, cafes and counters listed on the Eataly website for each location as of November 2017. See Exhibit A.

13. The Eataly Marketplaces are operated by Defendants as a single integrated enterprise. Specifically, they are engaged in related activies, share common ownership and have a common business purpose.

    a) Individuals Defendants MARIO BATALI, JOSEPH BASTIANICH, LIDIA BASTIANICH, NICOLA FARINETTI, ADAM SAPER and ALEX SAPER are owners and executive officers of the Eataly Marketplaces. See Exhibit B.

    b) The Eataly Marketplaces are advertised jointly on Defendants' website: https://www.eataly.com/us_en/. The Eataly Marketplaces are listed alongside Eataly locations under the "Stores" section of the website. See Exhibit C.

    c) Merchandise and employees are interchangable amongst the Eataly Marketplaces. Employees of Eataly may request transfer to either Eataly location after six (6) months of employment.

    d) The Eataly Marketplaces commonly serve Italian food and share similar décor and appearance, while also using the same logo.

    e) Defendants use the same employee handbook and implement the same employment policies at the Eataly Marketplaces.

14. (i) Each Individual Defendant, MARIO BATALI, JOSEPH BASTIANICH, LIDIA BASTIANICH, NICOLA FARINETTI, ADAM SAPER and ALEX SAPER, has operational control of the Eataly restaurants and cafes. They each exercise the power to (and also delegate to managers and supervisors the power to) fire and hire employees, supervise and

5

control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class at each of the restaurant locations. Each of the Individual Defendants has the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

(ii) Each Individual Defendant, MARIO BATALI, JOSEPH BASTIANICH, LIDIA BASTIANICH, NICOLA FARINETTI, ADAM SAPER and ALEX SAPER, additionally has the power to fire and hire, supervise and control work schedules and conditions of employment, and determine rate and method of pay of managerial employees who directly supervise Plaintiffs, FLSA Collective Plaintiffs and the Class. Each of the Individual Defendants exercises functional control over the business and financial operations of all Corporate Defendants. They ensure that managers direct employees to properly prepare food and effectively serve and cater to customers to ensure that the Eataly Marketplaces are operating efficiently and profitably.

15. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

16. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17. Plaintiffs bring claims for relief as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all non-exempt persons (including, but not limited to, delivery persons, waiters, runners, bussers, porters, cooks, line-cooks, food preparers,

dishwashers and bartenders) employed by Defendants on or after the date that is six (6) years prior to the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

18. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. Specifically, Plaintiffs and FLSA Collective Plaintiffs claim that Defendants willfully violated Plaintiffs' and FLSA Collective Plaintiffs' rights by failing to pay wages for all hours worked due to time shaving. In addition, Defendants willfully violated the rights of tipped employees by failing to pay the lawful minimum wage. Defendants were not entitled to claim tip credit allowance under the FLSA, because they (i) failed to properly provide notice to tipped employees that Defendants were taking a tip credit, (ii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period, (iii) caused tipped employees to engage in non-tipped duties exceeding 20% of each workday, and (iv) failed to maintain daily records of tips on behalf of tipped employees.

19. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

**RULE 23 CLASS ACTION ALLEGATIONS – NEW YORK**

20. Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons (including, but not limited to, delivery persons, waiters, runners, bussers, porters, cooks, line-cooks, food preparers, dishwashers and bartenders) employed by Defendants on or after the date that is six (6) years prior to the filing of the Complaint in this case as defined herein (the "Class").

21. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

22. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees (the "Tipped Subclass") who also number more than forty (40).

23. Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay wages for all hours worked due to a policy of time shaving, (ii) failing to provide proper wage and hour notice, and

(iii) failing to provide proper wage statements, in violation of the NYLL. With regard to the Tipped Subclass, Defendants failed to pay them the lawful miniumum wage. Defendants were not entitled to claim tip credit allowance under the NYLL, because they (i) failed to properly provide notice to tipped employees that Defendants were taking a tip credit, (ii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period, (iii) caused tipped employees to engage in non-tipped duties exceeding 20% of each workday, and (iv) failed to maintain daily records of tips on behalf of tipped employees. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

24.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

25.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of

individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

27. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

  a) Whether Defendants employed Plaintiffs and Class members within the meaning of the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiffs and Class members properly;

c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiffs and Class members for their work;

d) Whether Defendants paid Plaintiffs and Class members for all hours worked given Defendants' policy of time shaving;

e) Whether Defendants provided proper wage statements to Plaintiffs and Class members per requirements of the NYLL;

f) Whether Defendants provided proper wage and hour notices to Plaintiffs and Class members per requirements of the NYLL;

g) Whether Defendants paid Plaintiff and Tipped Subclass members the proper minimum wage under the NYLL;

h) Whether Defendants provided proper notice to Plaintiff and Tipped Subclass members that Defendants were taking a tip credit;

i) Whether Defendants provided proper wage statements informing Plaintiff and Tipped Subclass members of the amount of tip credit taken for each payment period and other information required to be provided on wage statements;

j) Whether Defendants took the proper amount of tip credit allowance from Plaintiff and Tipped Subclass members under the NYLL;

k) Whether Defendants required Plaintiff and Tipped Subclass members to perform non-tipped work for more than 20 percent of their workday; and

      l)    Whether Defendants kept daily records of tips earned by Plaintiff and Tipped Subclass members.

## STATEMENT OF FACTS

*Plaintiff ROBERTO ROBRENO*

28. In or about June 2017, Plaintiff ROBERTO ROBRENO was hired by Defendants to work as a porter, dishwasher and delivery preparer at Eataly NYC Flatiron located at 200 5th Avenue, New York, NY 10010. Plaintiff ROBRENO worked at all the resturants in Eataly NYC Flatiron. Plaintiff ROBRENO's employment was terminated on or about June 12, 2017.

29. From the beginning of his employment until in or about May 2014, Plaintiff ROBRENO had a regular work schedule of thirteen (13) hours per day, from 7:00 a.m to 8:00 p.m, for six (6) days per week. From in or about June 2014 until in or about December 2016, Plaintiff ROBRENO had a regular work schedule of ten (10) hours per day, from 7:00 a.m. to 5:00 p.m., for six (6) days per week. From in or about January 2017 until the end of his employment with Defendants, Plaintiff ROBRENO had a regular work schedule of eight (8) hours per day, from 7:00 a.m. to 3:00 p.m., for five (5) days a week.

30. From the beginning of his employment until in or about May 2012, Plaintiff ROBRENO was paid at an hourly rate of $9.00. From in or about June 2012 until in or about May 2014, Plaintiff ROBRENO was paid at an hourly rate of $11.00. From in or about June 2014 until in or about March 2017, Plaintiff ROBRENO was paid at an hourly rate of $14.25. From in or about April 2017 until the end of his employment with Defendants, Plaintiff ROBRENO was paid at an hourly rate of $16.00.

31. Throughout his employment with Defendants, Plaintiff ROBRENO was instructed by the managers, Ogy (a/k/a Agustin) and Marcos, at least three (3) times per week to

clock out at the end of his scheduled shift, but to keep working for an extra hour. This resulted in at least three (3) hours of unpaid off-the-clock work each week. In addition, the managers further adjusted Plaintiff ROBRENO's time records to fraudulently reflect at least five (5) hours less than the hours he actually worked per week. Therefore, Plaintiff ROBRENO was not paid for at least eight (8) hours of work per week.

32. Plaintiff ROBRENO become aware of the altering of his time records after comparing his wage statements with those of co-workers. Plaintiff ROBRENO and his co-workers found that the work hours reflected on the wage statements were less than the number they had actually worked per week, and were in exact numbers, like 39.00 or 40.00. They knew that these numbers were unrealistic and untrue, and were adjusted by their managers. Based on Plaintiff ROBRENO's direct obersations and conversations with other employees, Plaintiff and other non-managerial employees at Eataly NYC Flatiron all worked unpaid off-the-clock hours due to Defendants' policy of time shaving.

### *Plaintiff EARON BRATHWAITE*

33. In or about May 2016, Plaintiff EARON BRATHWAITE was hired by Defendants to work as a porter for Eataly NYC Downtown located at 4 World Trade Center, 101 Liberty Street, Floor 3, New York, NY 10007. Plaintiff BRATHWAITE's employment was terminated in or about September 2016.

34. At the start of his employment, Plaintiff BRATHWAITE had a regular work schedule of eight (8) hours per day, from 7:00 a.m. to 3:00 p.m, for five (5) days per week. A week into his employment, Plaintiff BRATHWAITE's regular work schedule changed to eight and a half (8½) hours per day, 11:00 p.m. to 7:30 a.m., for five (5) days a week.

35. Throughout his employment with Defendants, Plaintiff BRATHWAITE was paid a base hourly rate of approximately $10.00.

36. Throughout his employment with Defendants, Plaintiff BRATHWAITE was directed by his manager, Noel and Fernando, to clock out at the end of his scheduled shift but continue working. This happened three (3) times a week or whenever the marketplace was hosting an event. Plaintiff BRATHWAITE was required to continue working for an extra hour each time without compensation.

37. Throughout his employment with Defendants, Plaintiff BRATHWAITE discussed with his co-workers about Defendants' time-shaving policy. Based on Plaintiff's direct observations and conversations with other employees, Plaintiff and other non-managerial employees at Eataly NYC Downtown similarly suffered from Defendants' time-shaving practices.

### *Plaintiffs, FLSA Collective Plaintiffs and the Class*

38. Based on Plaintiffs' direct observations and conversations with other employees at Eataly Marketplaces, all FLSA Collective Plaintiffs and Class members worked similar hours that regularly exceeded forty (40) hours per workweek, and similarly suffered from Defendants' failure to pay proper wages under the FLSA and NYLL.

39. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs, FLSA Collective Plaintiffs and Class members regular and overtime wages for all hours worked due to time shaving.

40. At all relevant times, Defendants knowingly and willfully paid Plaintiff, tipped FLSA Collective Plaintiffs and Tipped Subclass members at hourly rates below the prevailing

minimum wage. Defendants were not entiltled to claim tip credit deduction because they failed to satisfy the statutory requirements under the FLSA and NYLL.

41. Plaintiff, tipped FLSA Collective Plaintiffs and Tipped Subclass members did not receive proper notice that Defendants were claiming a tip credit. In addition, Plaintiff, tipped FLSA Collective Plaintiffs and Tipped Subclass members did not receive notice informing them that the tips they received must be retained by them except for a valid tip pooling arrangement, or that the tip credit taken by Defendants may not exceed the value of tips that they actually received. Further, Defendants failed to provide proper wage statements informing Plaintiff, tipped FLSA Collective Plaintiffs and Tipped Subclass members of the amount of tip credit taken for each payment period. In addition, Plaintiff, tipped FLSA Collective Plaintiffs and Tipped Subclass members spent at least two (2) hours or twenty (20) percent of their workday performing non-tipped related activities.

42. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiff and Class members in violation of the NYLL.

43. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class members, in violation of the NYLL.

44. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

45. Plaintiffs reallege and reaver Paragraphs 1 through 44 of this Class and Collective Action Complaint as if fully set forth herein.

46. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

47. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

48. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

49. At all relevant times, Defendants willfully engaged in a policy and practice of failing to pay Plaintiffs and FLSA Collective Plaintiffs for all hours worked due to time shaving.

50. At all relevent times, Defendants willfully violated Plaintiff's and tipped FLSA Collective Plaintiffs' rights by failing to pay them minimum wages in the lawful amount for hours worked. Defendants were not entitled to claim tip credit allowance because they failed to satisfy the statutory requirements under the FLSA.

51. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

52. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs the

16

full and proper regular and overtime wages when Defendants knew or should have known such was due.

53. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

54. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid regular and overtime wages, plus an equal amount as liquidated damages.

55. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

56. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

57. Plaintiffs reallege and reaver Paragraphs 1 through 56 of this Class and Collective Action Complaint as if fully set forth herein.

58. At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the New York Labor Law §§ 2 and 651.

59. At all relevant times, Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them for all hours worked due to a policy of time shaving.

60. At all relevant times, Defendants willfully violated Plaintiff's and Tipped Subclass members' rights by failing to pay them minimum wages in the lawful amount for hours worked. Defendants were not entitled to claim tip credit allowance because they failed to satisfy the statutory requirements under the NYLL.

61. Defendants failed to provide proper wage and hour notices to Plaintiffs and Class members, as required by New York Labor Law § 195.

62. Defendants failed to provide proper wage statements to Plaintiffs and Class members with every wage payment, as required by New York Labor Law § 195.

63. Due to Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants unpaid regular and overtime wages due to time shaving, unpaid minimum wage, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid regular and overtime compensation caused by time shaving under the FLSA and NYLL;

d. An award of unpaid minimum wages due under the FLSA and NYLL;

e. An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

f. An award of liquidated damages as a result of Defendants' willful failure to pay regular and overtime compensation, pursuant to the FLSA;

g. An award of liquidated damages as a result of Defendants' willful failure to pay regular and overtime compensation, pursuant to the NYLL;

h. An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i. Designation of Plaintiffs as a Representatives of the FLSA Collective Plaintiffs;

b. Designation of this action as a class action pursuant to F.R.C.P. 23;

c. Designation of Plaintiffs as a Representatives of the Class; and

d. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated:   November 29, 2017               Respectfully submitted,

                               By:   */s/ C.K. Lee*
                                     C.K. Lee, Esq.

                                     LEE LITIGATION GROUP, PLLC
                                     C.K. Lee (CL 4086)
                                     Anne Seelig (AS 3976)
                                     30 East 39th Street, Second Floor
                                     New York, NY 10016
                                     Tel.: (212) 465-1188
                                     Fax: (212) 465-1181

                                     *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*