

1345 AVENUE OF THE AMERICAS – 11TH FLOOR
NEW YORK, NEW YORK 10105
TELEPHONE: (212) 370-1300
FACSIMILE:   (212) 370-7889
www.egsllp.com

April 13, 2018

**VIA ECF**
The Honorable Katherine B. Forrest, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

   Re: *Robreno et al. v. Eataly et al.*
     **Case No. 17-CV-9361 (KBF) (SN)**

Dear Judge Forrest:

We are counsel for Defendants in the above-referenced matter, and write to respond to Plaintiffs' letter motion dated April 10, 2018.

**Plaintiffs' Requests for Pre-Collective Discovery Are Premature and Overbroad**

Pursuant to this Court's Scheduling Order, Plaintiffs moved for conditional certification of the collective consisting of all non-exempt employees on March 14, 2018. Defendants' opposed the motion on April 13, 2018. The Court is expected to issue a decision on the motion by May 4, 2018, as per the Scheduling Order.  Dkt. No. 49.

The bulk of the discovery "disputes" raised in Plaintiffs' letter seeks the resolution of issues raised in the pending motion for collective certification. Indeed, Plaintiffs' motion specifically seeks a list of all non-exempt employees and their contact information, the very same request raised in their letter motion. Dkt No. 55, p. 14. The remaining "disputes" only came to Defendants' attention on Tuesday April 10. In light of that, Defendants view Plaintiffs' letter motion not only as an attempt to circumvent the motion process, but also rack up unnecessary legal fees.

At no point did Defendants reject the idea of collective discovery in its entirety. Rather, Defendants have stated to be that such discovery is premature in light of the pending motion and the broad collective Plaintiffs seek to certify. *See Da Silva Moore v. Publicis Groupe*, 868 F. Supp. 2d 137, 169–70 (S.D.N.Y. 2012) (noting discovery should be limited to the named plaintiffs and company policies prior to class certification). Taking a pragmatic approach to the litigation, Defendants asked Plaintiffs during their meet and confer to wait until the Court's May 4 decision on the pending motion for conditional certification before engaging in collective

{00584797.DOC.1}



discovery. Defendants maintain that the collective of "all non-exempt employees" sought by Plaintiffs is inappropriate for several reasons, including the fact that they cannot show a common policy or practice which violates the law that binds the putative collective.

This issue has been fully briefed in Defendants' Opposition to the pending motion for collective certification. If the Court denies Plaintiffs' motion or, as is frequently the case, narrows the collective to certain categories of employees, Plaintiffs' current discovery requests as to "all non-exempt employees" become moot and Plaintiffs will only be entitled to the discovery related to those specific categories of employees. As such, Defendants believe the best course of action is to simply wait until the Court's decision on May 4 regarding the motion for collective certification. Discovery does not end until mid-October, and Plaintiffs have nothing to gain, except attorneys' fees, by waiting the additional three weeks for the Court's decision on the motion for collective certification.

Instead of just waiting for the Court's May 4 decision, Plaintiffs filed a letter motion raising discovery "disputes," a few hours after the parties had met and conferred. The Court's Individual Rules regarding discovery disputes sets a 3-page limit and allows the opposing party 72 hours to respond in writing. Plaintiffs instead filed a letter motion at about 9:00 p.m. on April 10 with several exhibits totaling 130 pages and then asked the Court to address the issues at the April 12 conference scheduled for 11 a.m. (later rescheduled). Plaintiffs did so aware that Defendants had not been given the full 72-hour time period to reply in an effort to gain an unfair advantage.

Turning to the substance of Defendants' objection, Defendants object to Plaintiffs' document request relating to "Covered Employees" (defined as all non-exempt employees) as overly broad and unduly burdensome. For example, Plaintiffs seek: (No.2) "[A]ll journals, transcripts…pay stubs,..wage papers, punch-clock records, documents papers…..."; (No.16) "[A]ny other payroll files and/or data…."; (No. 19) "All documents notifying …. Covered Employees of initial and annual wage and hour notices required under the law…"; and (No. 20) "All documents recording the amount of tips received by…" These requests are plainly overly broad. *See Agerbrink v. Model Serv. LLC*, 2017 WL 933095, at *2 (S.D.N.Y. Mar. 8, 2017) (Defendants' objections were well-taken. Courts have long held that requests for "any and all" documents are generally improper…. It is thus unhelpful for the plaintiff to file a blunderbuss motion to compel that includes a substantial number of plainly objectionable discovery demands.).

Plaintiffs' contention that this information is necessary to obtain the names of witnesses with knowledge of the subject matter and Defendants' wage and hour policies is disingenuous in light of the nearly 600 pages of documents produced already which contain a number of Eataly's polices. This appears to be a fishing expedition meant perhaps to locate potential clients and develop new causes of action. *Lapointe v. Target* Corp., 2017 WL 3288506, at *3 (N.D.N.Y. Mar. 24, 2017) (Denying plaintiff's broad discovery request as to present and former employees at the pre-certification stage and noting the Court shared defendant's concern that plaintiff's counsel is seeking information in an effort to identify additional clients.).

Plaintiffs cite only distinguishable cases in support of their request. In one case Plaintiffs cite, *Gordon v. Kalieda Health*, the Court had previously granted collective certification before



directing collective discovery, buttressing Defendants' practical approach here. Many of the other cases Plaintiffs cite support Defendants' position that their discovery requests aimed at a collective of "all non-exempt employees" are too broad and overly burdensome, by either certifying a narrow collective or directing limited discovery as to a sample of the collective. *See e.g. Glatt v. Fox Searchlight*, 2012 WL 2108220 (June 11, 2012) (interns and their supervisors); *Fei v. WestLB*, 2008 WL 7863592 (Apr. 23, 2008) (proposed collective of managerial and executive level employees and comparable positions); *Salazar v. Spectrum,* No. 16-cv-653 (proposed collective of kitchen workers and delivery persons); *Stebbins v. S&P Oyster*, 2017 WL 6949525 (D. Conn. Sept. 1, 2017) (proposed collective of tipped employees); *Rodriguez Part It*, No. 17-cv-4995 (S.D.N.Y. Dec. 4, 2017) (suggesting samplings of the collective).

Finally, in the event the Court decides that pre-collective discovery is warranted prior to its May 4 decision, the Defendants request that the Court limit the discovery requested to a "sampling" of the proposed collective consisting of two employees for each position held by the Plaintiffs.

**Plaintiffs' Remaining Discovery Requests Are Premature and/or Improper**

Plaintiffs' letter motion to compel the private contact information of shareholders, equity owners, managers, directors and supervisors, banking information, financial statements and tax returns are premature and unnecessarily invasive. *See Hernandez v. Bare Burger Dio Inc.*, 2013 WL 3963660, at *2 (S.D.N.Y. Aug. 1, 2013) (Courts are reluctant to order discovery of tax returns in part because of the 'private nature of the sensitive information contained therein.). Defendants are still considering the stipulation as to joint enterprise submitted by Plaintiffs April 10, and they should be allowed a reasonable period of time to decides whether to stipulate. Moreover, the parties are in the process of scheduling a Rule 30(b)(6) deposition where Plaintiffs can ask the relevant questions pertaining to common ownership among the two Eataly locations. *See Glatt*, 2012 WL 2108220, at *1 (If the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive, courts should limit its frequency or extent).

Finally, the Court should reject Plaintiffs' requested search terms such as "earnings", "hour*", "Fair Labor Standards Act", "wage", "tip" and "spread" with respect to e-discovery as overly broad and to some extent completely irrelevant. *See Capitol Records, Inc. v. MP3tunes*, 261 F.R.D. 44, 53 (S.D.N.Y. 2009) (the single word search terms proposed such as "mp3tunes," "Robertson," are overbroad and would likely require the itemization of a raft of privileged documents.) For example, Plaintiffs seek a search for the term "spread" yet there is no spread of hours claim, further underscoring Plaintiffs' attempt to conduct a fishing expedition. In the alternative, the Defendants recommend the following search terms:  check w/5 short, clock w/5 in, clock w/5 out, "not paid", "not pay",  punch w/5 in, punch w/5 out, shav w/5 time, OT w/5


Letter to Hon. Kathleen Forrest
April 13, 2018
Page 4 of 4

paid, OT w/5 not paid, overtime w/5 paid, overtime w/5 not paid, "tip" w/5 "notice.

    Respectfully submitted,

    ELLENOFF GROSSMAN & SCHOLE LLP

    By:  /s/
        Amanda M. Fugazy
        Stephania C. Sanon