UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

ROBERTO ROBRENO, EARON BRATHWAITE, and RICARDO BARCENAS, on behalf of themselves and others similarly situated,

                              Plaintiffs,

                      -v-

EATALY AMERICA, INC., EATALY USA LLC, EATALY NY LLC d/b/a EATALY NYC FLATIRON, EATALY NY FIDI, INC. d/b/a EATALY NYC DOWNTOWN, NICOLA FARINETTI, ADAM SAPER, and ALEX SAPER,

                              Defendants.
------------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 18, 2018

17-cv-9361 (KBF)

ORDER

KATHERINE B. FORREST, District Judge:

Currently pending before the Court is a discovery dispute between the parties as outlined in plaintiffs' letter dated April 10, 2018. (ECF No. 64.) Defendants responded to that letter in writing on April 13, 2018. (ECF No. 68.) Because it is unclear to the Court if anything raised in plaintiffs' letter has been resolved, the Court will resolve the dispute in its entirety. Accordingly, each disputed interrogatory/request is addressed separately below.

- Interrogatories 1 and 6(b): The names/contact information of covered employees and their managers is DENIED. This information will be available if a class is certified. At the moment, it is not relevant except for the purpose of finding more plaintiffs. If such discovery was <u>truly</u> directed at defendants' wage and hour policies the Court would consider it, but plaintiffs have <u>already moved</u> for a 216(b) class.

- Interrogatories 8 and 9: These interrogatories are relevant insofar as they seek information regarding whether defendants' marketplaces are

operated as a single integrated enterprise.  Accordingly, Interrogatory 8 is GRANTED.  As for Interrogatory 9, it is unclear to the Court how information regarding specific banks is relevant—but if the answer reveals that banking functions are common, that is relevant to the same extent as Interrogatory 8.  Thus, Interrogatory 9 is GRANTED.

- <u>Document Requests 2 and 16</u>:  These requests seek broad and voluminous information relevant to a potential Rule 23 inquiry.  Because plaintiffs' Rule 216(b) motion is currently pending before the Court, these requests are premature and therefore DENIED.

- <u>Document Requests 19 and 20</u>:  These requests seek wage and hour notices as well as tip records and tip credit notices for "Covered Employees."  This request is GRANTED, but only for documents sufficient to provide a representative example of such employees.  The Court will address the appropriateness of complete discovery on these requests at a later date.

- <u>Document Requests 11, 12, and 13</u>:  As previously noted, whether defendants' marketplaces are operated as a single integrated enterprise is a relevant issue in this action.  The financial records sought in Document Requests 11, 12, and 13 are thus relevant insofar as they show economic coordination (and also relevant if they don't).  Therefore, Document Requests 11, 12, and 13 are GRANTED in part subject to the following limitations:

    o Defendants are only required to produce records responsive to Document Requests 11, 12, and 13 for the past <u>two</u> years.

    o If the produced records demonstrate that defendants' marketplaces are truly separate and distinct, the parties are directed to meet and confer regarding whether it would be useful or relevant to pursue further discovery on these points.

    o Defendants <u>need not</u> produce so-called "shareholder ledgers."

- <u>Document Request 24</u>: The Court agrees with defendants' arguments and proposed e-discovery search terms at ECF No. 68.  If the parties have a crystallized dispute regarding specific search terms, of if plainitffs have reason to believe that relevant and responsive information is being withheld, they are directed to separately bring those issues to the Court's attention.

The Clerk of Court is directed to terminate the open motion at ECF No. 64.

SO ORDERED.

Dated:    New York, New York
          April 18, 2018

_____
KATHERINE B. FORREST
United States District Judge