

1345 AVENUE OF THE AMERICAS – 11TH FLOOR
NEW YORK, NEW YORK 10105
TELEPHONE: (212) 370-1300
FACSIMILE:  (212) 370-7889
www.egsllp.com

May 8, 2018

**VIA ECF**

Hon. Katherine B. Forrest
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 23B
New York, NY 10007

      Re:   *Robreno v. Eataly*
              **Case No. 17-cv-9361(KBF)**

Dear Judge Forrest:

      We represent the Defendants in the above-referenced action. We write to seek clarification of the Court's April 18, 2018 Order as to Plaintiffs' Document Requests 19 and 20 in light of more recent orders by the Court. Specifically, Defendants request that any production of Eataly records to provide a representative sample of tipped employees be limited to Eataly Downtown and the two-month period in which Eataly Downton employed Plaintiff Ricardo Barcenas ("Barcenas") in a tipped position.

      Plaintiffs seek wage and hour notices as well as tip records and tip credit notices for "Covered Employees," which Plaintiffs define as all non-exempt persons employed by Defendants. Defendants objected to these requests because they are overly broad, unduly burdensome, and premature given Plaintiffs' pending motion for collective certification. On April 18, 2018, Your Honor granted Plaintiffs' requests, "but only for documents sufficient to provide a representative example of such employees." (Dkt. No. 75). Your Honor further ruled that "[t]he Court will address the appropriateness of complete discovery on these requests at a later date." *Id.*

      On May 2, 2018, the Court struck the four "Consent to Sue" letters (Dkt Nos. 50-52) Plaintiffs' counsel had filed because the persons identified in those consents are not parties to this action. (Dkt. No. 81). Consequently, only the three named Plaintiffs remain in the lawsuit. Of those, the only tipped employee is Barcenas, who worked at Eataly's Downtown location for two months, from about April 25, 2017 through June 27, 2017. In the order striking the consents, the Court asked if Defendants wanted additional briefing of the collective action motion. The Court granted that additional briefing on May 4, 2018. (Dkt. No. 85).



  Plaintiffs have now requested production of tip records and tip credit notices for "Covered Employees" by this Thursday, May 10, 2018. Defendants continue to view this request as premature. In an effort to minimize motion practice relating to discovery, Defendants seek the Court's clarification of what the Court considers an appropriate representative example in light of the May 2 order striking the four consent letters.

  Specifically, Defendants request that the Court approve a sampling consisting of the tip records and tip notice documents from the two-month period in which Eataly employed Barcenas and from Eataly Downtown only. Such a sampling would be consistent with the Court's prior orders which, in effect, have limited permissible discovery to the potential collective of tipped employees.

           Respectfully yours,

           ELLENOFF GROSSMAN & SCHOLE LLP

           By:_____
             Amanda M. Fugazy
             Stephania C. Sanon

cc: C.K. Lee, Esq. (via ECF)