UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ROBERTO ROBRENO, EARON BRATHWAITE,             Case No. 17-CV-9361
and RICARDO BARCENAS, on behalf of themselves,
FLSA Collective Plaintiffs and the Class,

                              Plaintiffs,

               -against-

EATALY AMERICA INC., EATALY USA LLC,
EATALY NY LLC d/b/a EATALY NYC FLATIRON,
EATALY NY FIDI, LLC  d/b/a  EATALY NYC
DOWNTOWN,  NICOLA  FARINETTI,  ADAM
SAPER and ALEX SAPER,

                              Defendants.

-------------------------------------------------------------------X


**DEFENDANTS' SECOND MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION TO CONDITIONALLY CERTIFY A COLLECTIVE ACTION**


                         ELLENOFF GROSSMAN & SCHOLE LLP
                         Amanda M. Fugazy
                         Paul P. Rooney
                         Stephania C. Sanon
                         1345 Avenue of the Americas, 11th Floor
                         New York, New York 10105
                         Telephone: (212) 370-1300

                         *Attorneys for Defendants*


Dated: May 18, 2018
       New York, New York

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................. 1

I.  The Court Should Deny the Motion to Conditionally Certify a Collective of All Non-Exempt Employees Premised upon Time Shaving. ......................................... 1

II.  The Court Should Deny Certification of a Tipped Employee Collective. ........................ 1

PROCEDURAL HISTORY ................................................................................ 2

SUMMARY OF FACTS ................................................................................... 3

ARGUMENTS ......................................................................................... 7

POINT I: THE COURT SHOULD DENY PLAINTIFFS' MOTION TO CONDITIONALLY CERTIFY A COLLECTIVE OF ALL NON-EXEMPT EATALY EMPLOYEES ...................... 7

A.  Plaintiffs Make Only Vague Allegations and Provide Isolated Examples of Time Shaving. ...................................................................................... 7

1.  Plaintiffs Allege Different Perpetrators Engaged in Time Shaving. ....................... 8

2.  Plaintiffs Allege Different Time Periods, None of Which Permit A Collective of All Non-Exempt Employees Employed By Defendants Within the Past Six Years. ................................................................................... 13

3.  The Additional Declarations Submitted by Plaintiffs Are Also Insufficient to Sustain A Collective of All Non-Exempt Employees ................................. 15

4.  If The Court Grants Plaintiffs' Motion, The Collective Must Be Narrowed Because Plaintiffs Cannot Show That They Are Similarly Situated To The Proposed Collective. ................................................................................ 19

POINT II: THE COURT SHOULD DENY PLAINTIFFS' MOTION TO CERTIFY A COLLECTIVE OF ALL EATALY TIPPED EMPLOYEES .......................................... 21

A.  The Circumstances Surrounding Plaintiff Barcenas's Participation In this Action Provide Ample Basis For This Court To Deny Conditional Collective Certification. ..................................................................................... 22

B.  Plaintiffs Have Not Demonstrated a Common Policy that Tipped Employees Spend More than 20% of Their Time Performing Non-Tipped Work. ................................... 23

CONCLUSION ........................................................................................ 24

## TABLE OF AUTHORITIES

**Cases**

*Alvarez v. Schnipper Restaurants LLC*,
2017 WL 6375793  (S.D.N.Y. Dec. 11, 2017) .......................................................................... 20

*Ansoralli v. CVS Pharmacy, Inc.*,
2017 WL 570767 (E.D.N.Y. Feb. 13, 2017) ............................................................................... 9

*Apolinar v. R.J. 49 Rest.*, LLC, No. 15-cv-8655 (KBF),
2016 WL 2903278 (S.D.N.Y. May 18, 2016) ............................................................... 15, 20, 23

*Auffray v. FXFL, LLC*,
2016 WL 6810863 (S.D.N.Y. Nov. 16, 2016) .......................................................................... 22

*Bai v. Zhuo*,
2014 WL 7385119 (E.D.N.Y. Dec. 29, 2014) ............................................................................ 9

*Barcenas v. Luma Rest. Inc.*,
Case No. 15-cv-10043 (SDA) ..................................................................................................... 5

*Barcenas v. Trattoria Dimeo*,
Case No. 15-cv-01364 (PKC) ..................................................................................................... 5

*Barfield v. N.Y. City Health & Hosps. Corp.*,
2005 WL 22533428 (S.D.N.Y. Nov. 6, 2003) .................................................................... 10, 14

*Boutros v. JTC Painting & Decorating Corp.*,
No. 12 CIV. 7576 PAE, 2013 WL 3110943 (S.D.N.Y. June 19, 2013) ..................................... 9

*Brown v. Barnes & Noble, Inc.*,
252 F. Supp. 3d 255, 263–64 (S.D.N.Y. 2017) ................................................................... 10, 11

*Chuisaca. v. Eleftheria*, ............................................................................................................... 6
Case No. 17-cv-528 (SMG)

*Desilva v. N. Shore-Long Island Jewish Health Sys., Inc.*,
27 F. Supp. 3d 313 (E.D.N.Y. 2014) ......................................................................... 7, 14, 18

*Flores v. Osaka Health SPA, Inc.*,
2006 WL 695675 (S.D.N.Y. Mar. 16, 2006) ...................................................................... 9, 16

*Hernandez v. NGM Mgmt. Grp. LLC*,
2013 WL 5700977 (S.D.N.Y. Oct. 18, 2013) ......................................................................... 24

*Hoffman–La Roche Inc. v. Sperling*,
493 U.S. 165 (1989) .................................................................................................................. 22

*Hypolite v. Health Care Servs. of N.Y. Inc.*,
  2017 WL 2712947 (S.D.N.Y. June 23, 2017)............................................ 14

*Islam v. BYO Co. (USA)*,
  No. 16 CIV. 927 (PGG), 2017 WL 269371 (S.D.N.Y. June 20, 2017) ..................................... 19

*Klein v. Octagon, Inc.*,
  2015 WL 5821629 (S.D.N.Y. Sept. 30, 2015) ......................................... 18

*Mata v Footbridge LLC*,
  2015 WL 3457294 ............................................................................. 16, 17

*Murray v. City of New York*,
  2017 WL 3531552 (S.D.N.Y. Aug. 16, 2017) ......................................... 17

*Myers v. Hertz Corp.*,
  624 F.3d 537, 554 (2d Cir. 2010)........................................................ 18

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*,
  723 F.3d 192 (2d Cir. 2013).............................................................. 17

*Nguyen v. Versacom, LLC*,
  2016 WL 6650860 (N.D. Tex. Nov. 9, 2016) ......................................... 22

*Ramos v. PJJK Rest. Corp.*,
  2016 WL 1106373 (S.D.N.Y. Mar. 10, 2016) ......................................... 20

*Reyes v. Nidaja, LLC*,
  2015 WL 4622587 (S.D.N.Y. Aug. 3, 2015) ...................................... 16, 18

*Reyes v. NY F&B Services LLC*,
  2016 WL 796859 (S.D.N.Y. Feb. 22, 2016) .......................................... 19

*Robreno et al. v. Eataly et al.*,
  Case No. 17-cv-9361 (KBF) .............................................................. 6

*Sanchez v. JMP Ventures*,
  No. 13 CIV. 7264 KBF, 2014 WL 465542 (S.D.N.Y. Jan. 27, 2014) ............. 10, 12, 13, 17, 24

*She Jian Guo v. Tommy's Sushi Inc.*,
  2014 WL 5314822 (S.D.N.Y. Oct. 16, 2014) .................................... 12, 21

*Singh v. Patel*,
  2013 WL 2190153 (E.D.N.Y. May 16, 2013)........................................ 11

*Tamay v. Mr. Kabob Rest. Inc.*,
  2016 U.S. Dist. LEXIS 5612 (S.D.N.Y. Jan. 15, 2016)........................... 20

*Taveras v. D & J Real Estate Mgmt. II, LLC*,
    2018 WL 1448689 (S.D.N.Y. Mar. 23, 2018) ......................................................... 12

*Uddin v. O'Brien Rest. Holding Co., LLC*,
    No. 16 Civ. 2098, Dkt. No. 67 (S.D.N.Y. Nov. 22, 2016) ...................................... 23

*Veres-Pop v. Sistina Rest.*,
    No. 13 CIV. 2360 KBF, 2013 WL 4082872 (S.D.N.Y. Aug. 8, 2013) ..................... 14

*West v. Verizon Commc'ns, Inc.*,
    2009 WL 2957963 (M.D. Fla. Sept. 10, 2009) ........................................................ 18

*Yap v. Mooncake Foods, Inc.*,
    146 F. Supp. 3d 552 (S.D.N.Y. 2015) ......................................................................... 9

**STATUTES**

29 U.S.C. § 216(b) ................................................................................................................ 22

## PRELIMINARY STATEMENT

Defendants Eataly America Inc., Eataly USA LLC, Eataly NY, LLC, Eataly NY FIDI, LLC (together "Eataly"), Adam Saper, Alex Saper and Nicola Farinetti (Eataly, Adam Saper, Alex Saper and Nicola Farinetti, together, "Defendants"), submit this second memorandum of law in opposition to the motion by Plaintiffs Roberto Robreno ("Robreno"), Earon Brathwaite ("Brathwaite") and Ricardo Barcenas ("Barcenas") for conditional collective certification under the Fair Labor Standards Act ("FLSA").

Plaintiffs, two porters, one of whom was employed for less than two months, and a server, who was employed for roughly two months, seek to certify a collective consisting of "all non-exempt employees" employed at Eataly's Flatiron ("Eataly Flatiron") and Financial District ("Eataly FIDI") locations for the past six (6) years. Plaintiffs cannot show that they and potential opt-in plaintiffs were subject to a uniform policy or practice which violated the law.  Accordingly, the Court should deny their motion.

### I.   The Court Should Deny the Motion to Conditionally Certify a Collective of All Non-Exempt Employees Premised Upon Time Shaving.

The Court should deny Plaintiffs' motion insofar as it seeks to certify a collective of all non-exempt employees premised upon allegations of time shaving.  Plaintiffs fail to provide sufficient evidence of any company-wide, or even department-wide, policy or practice of time shaving.  Rather they merely allege isolated practices of specific supervisors.  Such isolated allegations and vague evidence are insufficient to support a collective action on behalf of all non-exempt employees at both Eataly locations.

### II.   The Court Should Deny Certification of a Tipped Employee Collective.

The Court should deny the Plaintiffs' motion insofar as it seeks to certify a collective of all tipped employees at all Eataly locations for the past six years because:

- Barcenas, the sole tipped employee in the case, who worked at Eataly for only about two months, alleges no company-wide policy or practice, but rather only vague assertions that he and other tipped employees were subjected to time shaving and spent more than 20% of their time on non-tipped activities;

- Barcenas, is abusing the Court's processes by bringing this, his fourth FLSA lawsuit by the same law firm, making the same allegations (i.e., "time shaving" and spending more than 20% of his time on tipped work) that just happen to be within his sole knowledge.

**PROCEDURAL HISTORY**

Plaintiffs Robreno, Brathwaite, and "John Doe" commenced the instant action on November 29, 2017 alleging unpaid wages due to time shaving and, despite the absence of any tipped employee as a plaintiff, unpaid wages due to invalid tip credit. On or about December 27, 2017, the parties had a meet-and-confer call to discuss the concerns associated with making tip credit claims when none of the plaintiffs were tipped employees. *See* Dkt. No 39. In response, Plaintiffs amended the Complaint on January 5, 2018 to add Plaintiff Barcenas, a tipped employee who worked at Eataly FIDI for about two months. *See* Dkt. No. 36.   Barcenas alleged that he was required to engage in non-tipped activities more than half his work time, which thus exceeded twenty percent (20%) of his workdays, and that he was instructed to perform off-the-clock work by two specific managers. *Id*. at ¶¶ 41-42.

On January 31, 2018, Defendants answered the First Amended Complaint, denying all allegations of unlawful activity. Dkt. No. 47. On March 14, 2018, Plaintiffs' counsel filed four consent to sue letters. Dkt. Nos. 50-53. That same day, Plaintiffs filed the instant motion seeking to conditionally certify a collective of all non-exempt employees based on various allegations of

time shaving and all tipped employees based upon alleged time-shaving and allegations of spending more than twenty percent (20%) of working time on non-tipped activities. Dkt No. 54.

Defendants filed their opposition and supporting declarations to the motion on April 13, 2018. Dkt. Nos. 69-71. On April 27, 2018, Plaintiffs submitted their Reply Memorandum to Defendants' Opposition, marking the motion as fully briefed. Dkt. No. 80. On May 2, 2018, the Court issued an Order striking the Consent to Sue Letters, reasoning that "[t]he persons identified in those letters are not parties to this action at this time, and should be removed from the docket." and "[i]f the Court does certify a 216(b) class, plaintiffs may seek leave to refile those consent to sue letters as appropriate." Dkt. No. 81. The Order further directed Defendants to inform the Court of whether additional briefing was necessary in light of the order. Over Plaintiffs' objection, the Court approved a brief scheduling order permitting Defendants to file the instant additional opposition and for Plaintiffs to submit a reply by May 31, 2018.

## SUMMARY OF FACTS

As demonstrated by Plaintiffs' initial moving papers, which included nearly 50 pages of Defendants' policies, procedures and training materials, Defendants do not tolerate, let alone sanction, "off-the-clock" work. *See* Dkt. No. 55, Exh. H p. 7-8. Of particular import, Defendants' Timekeeping Guidelines provide: "**Record all hours worked. Do not work off the clock!**" and "If you are required to stay past the end of your scheduled shift, do not clock out until you leave the property." Dkt No.55, Exh. H-Handbook, p. 8. In addition, Eataly has mechanisms in place to ensure that employees are paid for all hours worked. In the event of an error in their paychecks or time records, Eataly directs employees to notify their managers, or if they are uncomfortable with speaking to their managers, to contact Human Resources, a telephone number for which is provided. *Id*.

In the face of this overwhelming evidence of Eataly's compliance with federal and state wage and hour laws, Plaintiffs make vague, formulaic, allegations of isolated instances of off-the-clock work which, in the case of the porters, fail to even state a claim for wage-hour violations. Plaintiffs' allegations are summarized below.

Each plaintiff alleges that a specific supervisor instructed him to clock out at the end of a scheduled shift and continue working for an additional hour. *See* Robreno Decl. ¶ 6, Brathwaite Decl. ¶ 6, and Barcenas Decl. ¶ 6. Robreno further alleges that he "observed the managers similarly instructing other non-managerial employees at Eataly Flatiron to continue working after clocking out at the end of their scheduled shifts. Robreno Decl. ¶ 6. Plaintiffs Robreno and Brathwaite (the two porters) do not, however, make any specific allegation that, as a result of such off-the-clock work, they, or any other employees, worked more than 40 hours in a given workweek and are, therefore, owed overtime. They also fail to allege facts showing that such off-the-clock work resulted in non-payment of minimum wages.

Plaintiffs do not allege the same supervisor instructed each them to perform off-the-clock work. Instead, they accuse different supervisors of allegedly directing off-the-clock work. For example, Robreno alleges managers, Ogy (a/k/a Agustin) and Marcos instructed him at least three times per week to clock out at the end of his shift and continue working for an hour. Robreno Decl. ¶ 6. Meanwhile, Brathwaite alleges "throughout [his] employment" he was "directed" by managers "Noel and Fernando" to clock out at the end of his shift and continue to work. Plaintiff Barcenas alleges two other supervisors, Conor and Eleonora, different from the ones alleged by Robreno and Brathwaite, "regularly instructed" him to clock out at the end of his shift, but continue to perform non-tipped side work for about an extra hour. Barcenas Decl. ¶ 6. He then summarily

concludes, "[o]ther non-managerial employees at Eataly….were similarly instructed to do the same." *Id.*

Barcenas' claims are nearly identical to claims he has made in other lawsuits. A search on Pacer reveals that Barcenas has served as a plaintiff in three other FLSA collective/class actions, represented by the same plaintiffs' firm, Lee Litigation Group PLLC.[1] Fugazy Decl. Exhs. A - C. In each lawsuit, Barcenas claims, similar to the instant action, that he was a tipped employee and that the defendant employer was not entitled to the tip credit and as such, he was owed unpaid minimum wage and overtime:

In *Barcenas v. Trattoria Dimeo*, Case No. 15-cv-01364 (PKC), Barcenas alleged he worked for the defendant restaurant as a waiter for about five (5) months, but sought to certify a collective of "all non-exempt persons employed by Defendants" within the "three years" preceding the filing of the Complaint. *Id.*, Dkt. No. 1, ¶¶ 10, 13-14. He further alleged defendant was not entitled to the tip credit because, among other things, he did not receive notice of the tip credit and spent more than twenty percent 20% of each workday on non-tipped duties. *Id*. ¶ 23.  The case settled within three months of the lawsuit's commencement. Dkt. No. 11.

That same year, Barcenas filed another lawsuit, *Barcenas v. Luma Rest*. *Inc*., Case No. 15-cv-10043 (SDA). Like his previous lawsuit, Barcenas pursued a collective of "all non-exempt employees (including waiters, delivery persons, dishwashers, cooks, food preparers, line-cooks, porters, busboys, runners, among others) employed by the Defendants on or after the date that is six years before the filing of the Complaint" though he only worked as a waiter for about five (5) months. *Id., Dkt No. 1, ¶¶ 12, 23. Following his usual routine, Barcenas alleged, among other

---

[1] While Defendants cannot be 100% certain that the "Ricardo Barcenas" in the three (3) prior lawsuits is the same Ricardo Barcenas connected with this lawsuit,  in each of these cases, like the instant action, Plaintiff Barcenas is presented as "Ricardo Barcenas", a resident of Queens County and a waiter or server.

things, that the defendant restaurant was not entitled to the tip credit because he did not receive proper notice and spent more than twenty percent 20% of his working time on non-tipped activities. *Id*. at ¶¶ 26-27. The case ultimately settled about seven months later for $650,000 on a class basis; Barcenas received $5,000 as a service award. *Id*. at Dkt. No. 61.

In *Chuisaca. v. Eleftheria*, filed just six months after the *Luma Rest*. settlement, Barcenas alleged time shaving claims, similar to the instant matter, and asserted he was instructed to begin working before the start of his scheduled shift. Case No. 17-cv-528 (SMG), Dkt. No. 1, ¶ 31. Like his other lawsuits, Barcenas and the two other named plaintiffs sought to pursue a collective of "all non-exempt employees employed by Defendants at the Restaurants on or after the date that is six years before the filing of the Complaint," though he only worked as a waiter for about one and a half years. *Id*. at ¶¶ 16, 25. Barcenas further alleged similar tip credit violations as in his previous lawsuits. *Id*. at ¶¶ 28-33. The case ultimately settled. Dkt. Nos. 31, 36. For his troubles, Barcenas was awarded $27,191.04. *Id*. at Dkt. No. 31, p. 2 and No. 36.

Three months after the finalization of the *Chuiscaca* settlement, Barcenas joined two other former employees of Eataly in the instant lawsuit, seeking to certify a collective of "all non-exempt employees" employed by Eataly within the past six years though he only worked as a waiter for two months. *Robreno et al. v. Eataly et al.*, Case No. 17-cv-9361 (KBF), Dkt. No. 1, ¶ 38.

Finally, Plaintiffs also submit the declarations of four former Eataly employees, Catalina Vasquez ("Vasquez"), Maria Ceras ("Ceras"), Andre Davis ("Davis") and Ahmed Ndiaye ("Ndiaye"). These are the employees whose consent-to-sue letters filed the Court struck in its May 2 Order and their assertions appear nowhere in the Complaint.  Accordingly, as is explained below, they should be disregarded in the Court's consideration of this motion.

## ARGUMENT

### POINT I:
### THE COURT SHOULD DENY PLAINTIFFS' MOTION TO CONDITIONALLY CERTIFY A COLLECTIVE OF ALL NON-EXEMPT EATALY EMPLOYEES

The Court should deny Plaintiffs' motion to conditionally certify a collective of all non-exempt Eataly employees because Plaintiffs make only vague allegations of isolated examples of time shaving, and even some of those allegations fail to state a cause of action under the FLSA. As such, Plaintiffs fail to make even a "modest factual showing" that a collective action is appropriate here.

#### A.  Plaintiffs Make Only Vague Allegations and Provide Isolated Examples of Time Shaving.

In conclusory fashion, Plaintiffs allege that they were subject to time shaving which may or may have not resulted in unpaid minimum wage or overtime. As demonstrated extensively in Defendants' initial Opposition, Eataly's policies actually prohibit time shaving and provide mechanisms for employees to report errors in their paychecks and missed clock-ins and clock-outs. Dkt. No. 69.  As such, Plaintiffs cannot point to any specific company-wide policy of time shaving. Rather, they claim specific supervisors allegedly "instructed" Plaintiffs, at various times throughout their employment, to clock out at the end of their scheduled shifts and continue working for an additional hour. *See* Robreno Decl. ¶ 6, Brathwaite Decl. ¶ 6 and Barcenas Decl. ¶ 6.  In the absence of a company-wide policy or practice, Plaintiffs' motion for a company-wide collective should be denied. *See Desilva v. N. Shore-Long Island Jewish Health Sys., Inc*., 27 F. Supp. 3d 313, 320 (E.D.N.Y. 2014) (Declining to certify the collective because plaintiffs were not subject

to a uniform illegal compensation policy, and as such could not point to a common violation of law that would bind the purported collective.).

### 1. Plaintiffs Allege Different Perpetrators Engaged in Time Shaving.

Central to Plaintiffs' claims is the idea that some misinformed or wayward supervisors perpetrated the time shaving which resulted in unpaid wages. Yet, even in this regard, Plaintiffs cannot demonstrate uniformity. Significantly, Plaintiffs do not allege the same supervisor instructed them to perform off-the-clock work. To the contrary, Plaintiffs accuse different supervisors across Eataly of allegedly directing off-the-clock work.

For example, Brathwaite alleges "throughout [his] employment" he was "directed" by managers "Noel and Fernando" to clock out at the end of his shift and continue to work. The details about this alleged "off-the-clock work" are nowhere to be found.  Notably, there were no supervisors by the name of "Fernando" that worked at Eataly FIDI during Brathwaite's employment. Brathwaite Decl. ¶ 6.[2]  *See* DiSanto Decl. ¶ 3(b). While Eataly does have record of a Supervisor by the name of Noel Fernandez working at Eataly FIDI, his tenure overlapped with Brathwaite's by only one month. Mr. Fernandez began working for Eataly July 18, 2016 while Brathwaite's last day of work was on August 19, 2018. *See* DiSanto Decl. ¶ 3(c). Leaving aside for a moment the credibility issues presented by these allegations, nothing Plaintiffs have presented concerning "Fernando" suggests that "all non-exempt employees" employed at Eataly Flatiron and Eataly FIDI for the past six years were subjected to the same practice by Mr. Fernandez.  That is because Mr. Fernandez's employment with Eataly was just as short-lived as Brathwaite's—he left Eataly on October 4, 2016. *See* DiSanto Decl. ¶ 3(c). This court and others in this circuit have denied conditional certification in like circumstances where the record is devoid of a company-

---

[2] While Brathwaite asserts he was employed from May through September 2016, this is false; he was actually employed from July to September 2016. *See* DiSanto Decl. ¶ 3(a).

wide policy. *See Yap v. Mooncake Foods, Inc.*, 146 F. Supp. 3d 552, 564–65 (S.D.N.Y. 2015) ("The Court agrees with Defendants that Plaintiffs have failed to muster a showing of a common policy or practice. Plaintiffs' complaint and affidavits do not contain a single factual allegation specific to other types of employees."); *see Flores v. Osaka Health SPA, Inc.*, 2006 WL 695675, at *3 (S.D.N.Y. Mar. 16, 2006 (plaintiff's "broad conclusory allegations" about other employees failed to establish existence of common policy or practice); *see Bai v. Zhuo*, 2014 WL 7385119, at *1 (E.D.N.Y. Dec. 29, 2014) (denying conditional collective certification where the two affidavits plaintiff submitted in support of his motion were factually inaccurate as to several allegations and as such failed to even make the "modest showing" required under the law); *but compare Ansoralli v. CVS Pharmacy, Inc.*, 2017 WL 570767 (E.D.N.Y. Feb. 13, 2017) (certifying collective with respect to off-the-clock work claims where plaintiffs alleged specific off-the-clock tasks including: responding to work-related telephone calls, emails and text messages, attending meetings with other market investigators, completing paperwork and communicating with police about shoplifting suspects and performing surveillance).

Although Brathwaite identifies two employees whom he allegedly spoke to about "off-the-clock work," he provides no details about their job duties, work schedules or pay, making it impossible to ascertain whether any of these individuals were subject to a time-shaving practice which resulted in unpaid minimum wage or overtime.  Thus, his allegations also fail to meet the Plaintiffs' burden. *See Boutros v. JTC Painting & Decorating Corp.*, No. 12 CIV. 7576 PAE, 2013 WL 3110943, at *1 (S.D.N.Y. June 19, 2013) (Plaintiffs allegations that they "regularly worked more than 40 hours a week" but were "rarely" paid the overtime rate for any hours over 40 worked were insufficient to state a claim for unpaid overtime). Moreover, such limited anecdotes are insufficient to extrapolate Brathwaites' two-month experience as a porter at a single location to

"all non-exempt employees" at both Eataly New York locations. *See Barfield v. N.Y. City Health & Hosps. Corp.*, 2005 WL 22533428, *2 (S.D.N.Y. Nov. 6, 2003) (denying motion for conditional certification where plaintiff alleged nurses were not paid overtime based solely on "limited anecdotal hearsay").

Robreno alleges he was "instructed" by managers "Ogy (a/k/a/ Agustin) and Marcos" at least three times per week to clock out at the end of [his] scheduled shift, but to keep working for an extra hour." Robreno Decl. ¶ 6.  Yet, Robreno's declaration is devoid of any detail regarding what this alleged off-the-clock work consisted of and, therefore, also fails to sustain Plaintiffs' burden. *See Brown v. Barnes & Noble, Inc*., 252 F. Supp. 3d 255, 263–64 (S.D.N.Y. 2017) (Holding collective certification was not warranted where "plaintiffs' declarations describe their day-to-day responsibilities in the vaguest of ways, and their factual allegations use self-serving legal terms of art.").

In an attempt to bolster his claims, Robreno further alleges that he "observed the managers similarly instructing other non-managerial employees" at Eataly Flatiron to continue working after clocking out at the end of their scheduled shifts. Robreno Decl. ¶ 6.  Conspicuously missing from these allegations are specifics about these observations, who these "other non-managerial employees" are, their job duties and schedules, and their hours and rates of pay.  Such allegations are insufficient to sustain a collective action.  *See id.; see also Sanchez v. JMP Ventures*, Case No. 13 CIV. 7264 KBF, 2014 WL 465542, at *1 (S.D.N.Y. Jan. 27, 2014) (Plaintiffs cannot rely upon mere "unsupported assertions," or "conclusory allegations" to satisfy his/her burden of showing he/she is similarly situated to the proposed collective).  Similar to Brathwaite, these allegations are insufficient to suggest that all non-exempt employees working at both New York locations were subject to the same practice Robreno allegedly experienced.  *See id*.

In addition, Robreno attempts to allege another variety of time-shaving, accusing a manager of shaving five hours off his weekly hours as a matter of course, further highlighting the fact that Plaintiffs' claims lack the commonality necessary to pursue a collective action. *See Mata v Footbridge LLC*, 2015 WL 3457294, *3 (To certify a collective, plaintiffs must show "concrete facts evidencing a common scheme or plan of wage and hour violations for employees engaged in different job functions").

Robreno's "proof" of this alleged violation is his assertion that the hours reflected in his paychecks and those of three other employees were in "exact" numbers like "39" or "40" or ended with ".00" or ".50". At the outset, nothing about these figures suggest any violation of law. *See Singh v. Patel*, 2013 WL 2190153, at *3 (E.D.N.Y. May 16, 2013) (plaintiffs' allegation that their paystubs did not accurately reflect the number of hours worked is not sufficient to state a plausible claim under the FLSA). One legitimate reason for a discrepancy between the hours an employee believes he worked and the hours stated in a wage statement is that the employee failed to adhere to Eataly policy requiring him/her to clock-in for each shift and break and to inform a manager of the clock-in error. *See* Dkt. No. 55, Exh. G - Policies and Practices Training. More importantly, without specific information about the hours worked in any given workweek, there is no way to ascertain whether Robreno or the co-workers he references in his declaration were owed any minimum wage or overtime. *See Boutros*, 2013 WL 3110943, at *3 (denying collective certification as to Plaintiffs' overtime claim because they failed to provide any reference to any particular week in which either plaintiff worked more than 40 hours.)

Plaintiff Barcenas alleges two specific supervisors, Conor and Eleonora, different from the ones alleged by Robreno and Brathwaite, "regularly instructed" him to clock out at the end of his shift, but continue to perform non-tipped side work for about an extra hour. Barcenas Decl. ¶ 6.

Like his co-plaintiffs, Barcenas makes no attempt to identify this alleged off-the-clock work consisted of, hoping perhaps that the legal term of art "off-the-clock" work will rescue his claim. *See Brown v. Barnes & Noble, Inc*., 252 F. Supp. 3d at 263–64. He then summarily concludes, "[o]ther non-managerial employees at Eataly….were similarly instructed to do the same." Yet, the declaration is devoid of any details surrounding the circumstances in which these employees were also instructed to perform off-the-clock work. Again, such allegations cannot sustain a collective certification motion. *See Taveras v. D & J Real Estate Mgmt. II, LLC*, 2018 WL 1448689, at *5 (S.D.N.Y. Mar. 23, 2018) (Limiting collective certification to positions plaintiffs held at location they worked where plaintiffs failed to offer proof that the manager they alleged of time shaving was a manager of employees at other locations.)  More importantly, Barcenas has not shown how his experience as an employee of all of two months at Eataly FIDI can be extrapolated to a collective of "all non-exempt employees" who worked at Eataly's two New York locations. *See, e.g., She Jian Guo v. Tommy's Sushi Inc.*, No. 14 Civ. 3946 (PAE), 2014 WL 5314822, at *3-4 (S.D.N.Y. Oct. 16, 2014) (certifying collective of deliverymen only, because plaintiff provided only "vague, conclusory, and unsupported assertions" about other types of employees).

   In summary, Plaintiffs' evidence for a collective action consists of anecdotes of isolated incidents involving different supervisors who, supposedly, told Plaintiffs to work off the clock. That evidence falls short under even the lenient standard of a "modest factual showing" that must be met to sustain a collective action. *See Desilva*, 27 F. Supp. 3d 313, 320 (E.D.N.Y. 2014) (Declining to certify the collective because plaintiffs were not subject to a uniform illegal compensation policy).

### 2. Plaintiffs Allege Different Time Periods, None of Which Permit A Collective of All Non-Exempt Employees Employed By Defendants Within the Past Six Years.

In addition to the different perpetrators, Plaintiffs Brathwaite and Barcenas, who were employed for roughly two months fail to show how they are similarly situated to all non-exempt employees spanning a six-year time frame. On this point, the Court's prior ruling in *Sanchez v. JMP Ventures* is particularly instructive. No. 13 CIV. 7264 KBF, 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014).

In *Sanchez*, this Court denied plaintiff's motion for conditional collective certification because plaintiff, employed all of seven (7) months at two of defendant's restaurants, failed to show how the policies to which he was subjected in his seven month employment were the "'common practice' at all [defendant] Harry's Italian Restaurants[.]" *Sanchez*, No. 13 CIV. 7264 KBF, 2014 WL 465542, at *2. Plaintiff, a delivery worker, sought to certify a class of "all tipped employees, including delivery persons, bussers, runners, waiters and bartenders" employed by defendant within the last three years at any of their three restaurant locations. *Id.* The Court held that Plaintiff's vague allegations, based upon "observations," and "conversations," that other employees were not paid the minimum wage or overtime for all hours worked over 40 were "insufficient to support even an inference that a common policy or plan that violated the law existed with respect to this variety of potential opt-in plaintiffs." *Id.*, at *1.

Similarly, here Brathwaite who worked as a porter at Eataly FIDI for about two and a half months and Barcenas who worked as a server at Eataly FIDI for roughly two months have failed to show how their experiences with specific supervisors translate into a common wide-spread practice to which "all non-exempt" employees were subject. Like the *Sanchez* plaintiff, Brathwaite alleges that "[b]ased on [his] direct observations and conversations with co-workers, "other non-managerial employees" at Eataly FIDI "similarly suffered" from Defendants' failure to pay wages

for off-the-clock work. His limited anecdotes purport to show that one other employee, also a porter, was instructed by the same manager, "Noel or Fernando" to perform off-the-clock work. Brathwaite Decl. ¶ 7. Taken together, however, these allegations are insufficient to show that all non-exempt employees employed at Eataly Flatiron and Eataly FIDI were subject to the same practice. *See Sanchez*, No. 13 CIV. 7264 KBF, 2014 WL 465542, at *1; *Barfield v. N.Y. City Health & Hosps. Corp.*, 2005 WL 22533428, *2 (S.D.N.Y. Nov. 6, 2003) (denying motion for conditional certification where plaintiffs' allegations regarding other employees consisted solely of "limited anecdotal hearsay").

Barcenas' allegations are even more limited. Employed for just two months at Eataly FIDI, he asserts, without any factual basis, "other non-managerial employees at Eataly…were similarly instructed to perform off-the-clock work."  Barcenas Decl. ¶ 6. Though he claims he spoke to two other servers about alleged "off-the-clock" work, this limited anecdotal evidence cannot support an inference that all non-exempt employees or all non-managerial employees who worked for Eataly FIDI and Eataly Flatiron in the past six years were subject to the same alleged practice of time shaving. *See Veres-Pop v. Sistina Rest.,* No. 13 CIV. 2360 KBF, 2013 WL 4082872, at *2 (S.D.N.Y. Aug. 8, 2013) (Rejecting plaintiffs' proposed collective of six years, Court explained "the Court is left with the timeline provided by plaintiff Veres-Pop in his declaration" and certified a collective for the same time period covered by plaintiff's employment).

Together, Plaintiffs' allegations suggest that certain supervisors in violation of company policy directed them to perform off-the-clock because the store was allegedly busy or other employees required assistance—these aberrations from the company's lawful policies do not warrant collective certification. Brathwaite Decl. ¶ 6; Barcenas Decl. ¶ 7. *See Desilva*, 27 F. Supp. 3d at 320; *see also Hypolite v. Health Care Servs. of N.Y. Inc.*, 2017 WL 2712947, at *7 (S.D.N.Y.

June 23, 2017) (denying conditional certification where "plaintiff's declaration and pleadings are self-focused" and "they offer no nonspeculative basis to assess the defendants' compensation practices with respect to any other employee") (internal citations omitted).

### 3.  The Additional Declarations Submitted by Plaintiffs Are Also Insufficient to Sustain A Collective of All Non-Exempt Employees

In support of their motion for conditional collective certification, Plaintiffs also submit the declarations of four former Eataly employees, Catalina Vasquez ("Vasquez"), Maria Ceras ("Ceras"), Andre Davis ("Davis") and Ahmed Ndiaye ("Ndiaye"). Since the Court struck the consent-to-sue letters filed by these individuals in its May 2 Order and their assertions appear nowhere in the Complaint, the Court should disregard them. Dkt. No. 81.

Faced with a similar set of circumstances in *Apolinar v. R.J. 49 Rest., LLC,* this Court held the additional purported facts relating to two former employees who were not parties to the action may not be properly considered by the Court on plaintiffs' motion for conditional collective certification. No. 15-CV-8655 (KBF), 2016 WL 2903278, at *4 (S.D.N.Y. May 18, 2016). There, plaintiffs, two former delivery workers of the defendant restaurant, sought to conditionally certify a collective of  all non-managerial employees employed at all restaurant locations during the past three (3) years. *Id*. at *4 n. 5. In their affidavits, the plaintiffs referenced two employees who worked at a different restaurant and their alleged experiences with tip deductions in an attempt to show that they were victims of a common policy which violated the law. *Id*. This Court refused to consider these additional assertions because they did not appear in the Amended Complaint and there was no basis upon which the Court could incorporate them into the Amended Complaint. *Id*. Like the plaintiffs in *Apolinar*, Plaintiffs in the case at bar, through these additional declarations, seek to interject new variations of their claims that appear nowhere in their Amended Complaint.

As such, the Court should not rely upon them in deciding the instant motion for conditional collective certification. *See id.*

In the event the Court chooses to consider the additional declarations, they only serve to further highlight the lack of uniformity among Plaintiffs' claims. First, these individuals held different positions and worked at different time periods: Ceras worked as a line-cook at Eataly Flatiron from about 2010 through 2017; Vasquez worked as a porter at Eataly Flatiron from 2014 through 2017; Davis worked as a stocker for about two (2) months at Eataly FIDI and Ndiaye worked as a line cook at Eataly FIDI for about three (3) months. Ceras Decl. ¶ 1; Vasquez Decl. ¶ 1; Davis Decl. ¶ 1; Ndiaye Decl. ¶ 1.[3]  Such facts indicate, if anything, that a collective action would not be appropriate.  *See Mata v Footbridge LLC*, 2015 WL 3457294, *3 (Courts in this circuit require "concrete facts evidencing a common scheme or plan of wage and hour violations for employees engaged in different job functions").

In addition to the differences in their job responsibilities, compensation and tenure which demonstrate that these individuals are not similarly situated, they cannot point to a common practice to which they were subject.  Ceras alleges that starting on or about January 2017, she was instructed by her manager "Jackie" to clock out at the end of her shift and continue working for about an hour. Ceras Decl. ¶ 8. Again, similar to the lack of specificity provided by the Plaintiffs, Ceras provides no detail about the alleged off-the-clock work performed.  These facts also militate against certification of a collective.  *See Reyes v. Nidaja, LLC*, 2015 WL 4622587, at *3 (S.D.N.Y. Aug. 3, 2015) (Denying conditional collective certification where Plaintiff summarily alleged that he was similarly situated to all non-managerial employees but failed to state what work the others do, or whether it was the same, similar, or related to the work that Plaintiff performed); *Flores v.*

---

[3] Although Davis alleges he worked his a dishwasher, his personnel file actually shows that he worked as a stocker. DiSanto Decl. ¶ 3(g).

*Osaka Health SPA, Inc*., 2006 WL 695675, at *3 (plaintiff's "broad conclusory allegations" were insufficient to warrant collective certification).

The declarations of Vasquez, Ndiaye and Davis, actually allege different and distinct practices from the time shaving practices raised in the Complaint and in the aforementioned declarations. These individuals allege that they were either instructed by different managers to work through scheduled lunch breaks or that they were "unable" to take a lunch break. Vasquez Decl. ¶ 6, Ndiaye Decl. ¶ 5, Davis Decl. ¶ 6. These individuals each fail to provide any detail regarding the alleged off-the-clock work performed. *See Sanchez v. JMP Ventures, L.L.C.*, No. 13 CIV. 7264 KBF, 2014 WL 465542, at *2 (Denying collective certification where plaintiff provided only a list of generalized allegations.).

Moreover, because they also fail to specify the hours worked in any given workweek, it is impossible to determine whether any minimum wage or overtime is owed. *See Nakahata v. New York-Presbyterian Healthcare Sys., Inc.,* 723 F.3d 192, 201 (2d Cir. 2013) (Plaintiffs must show that the time shaving resulted in a failure to pay minimum wage and/or overtime.).

Davis also alleges off the clock work performed prior to his shift. Importantly, he does not allege he actually worked prior to the start of his shift, only that he had a "heavy work load" which warranted starting earlier, suggesting again that this was no widespread practice, but a situational aberration. Davis Decl. ¶ 6. While Davis also asserts that his manager Arlene "did not allow me to clock in until my scheduled start time," there is nothing unlawful about this practice on its face, unless he actually performed the work and such work resulted in unpaid minimum wage or overtime, which Davis does not sufficiently allege as he fails to specify the hours he worked in any given workweek.  Accordingly, the allegations cannot sustain a collective action.  *See Mata v Footbridge LLC*, 2015 WL 3457293, *3 (Denying conditional collective certification for while

plaintiff's declaration listed the names and titles of seventeen co-workers, he provided no factual support demonstrating a common scheme impacting the diverse array of employees covered in his complaint.); *see Nakahata,* 723 F.3d at 201.

Taken together, the declarations of these former employees fail to show a "common" or "uniform" practice to which they were subject, but instead describe inconsistent practices subject to the whims of individual supervisors across different employees. *See Murray v. City of New York*, 2017 WL 3531552, at *5 (S.D.N.Y. Aug. 16, 2017) (denying conditional collective certification, where the seven plaintiffs allege a variety of pre-shift and post-shift work and unpaid meal periods, because they failed to show a common policy in violation of the FLSA).

Viewed in their totality, Plaintiffs' allegations fall far short of even the lenient standard for conditional certification of a collective action. *See Meyers v. Hertz Corp.,* 624 F.3d at 537 (2d Cir. 2010); *Reyes v. Nidaja, LLC*, 2015 WL 4622587, at *2 (S.D.N.Y. Aug. 3, 2015) ("Plaintiff must provide some actual evidence of a factual nexus between him and the rest of the class he seeks to represent; conclusory allegations will not suffice"); *Desilva*, 27 F. Supp. 3d at 320 (Holding collective action was not warranted where plaintiffs contend the alleged FLSA violations arise from a "hodgepodge" of procedures implemented in varying ways by different managers across numerous departments and locations).

Accordingly, Defendants respectfully request that this Court exercise its discretion to deny Plaintiffs' motion for conditional collective certification. *See Klein v. Octagon, Inc.*, 2015 WL 5821629, at *2 (S.D.N.Y. Sept. 30, 2015) ("The FLSA does not guarantee an initiating plaintiff a right to obtain a court-ordered notice to potential opt-ins; rather, district courts have discretion to implement Section 216(b) by facilitating notice.") (citing *Myers v. Hertz Corp.,* 624 F.3d 537, 554 (2d Cir. 2010)); *see also West v. Verizon Commc'ns, Inc*., 2009 WL 2957963, at *7 (M.D. Fla.

Sept. 10, 2009) (Denying collective certification on fairness and procedural grounds, reasoning that grant of the certification motion would result in a waste of scarce judicial resources since it appears the potential plaintiffs are not similarly situated and, rather, an individualized inquiry would be required).

### 4. If The Court Grants Plaintiffs' Motion, The Collective Must Be Narrowed Because Plaintiffs Cannot Show That They Are Similarly Situated To The Proposed Collective.

In the event the Court decides to grant a collective action at all, it should be limited to those employees who worked for the same supervisors because that fact is the only one that binds the Plaintiffs' claims together. Because Plaintiffs have failed to point to a common violation of law, they can only sustain a collective if they show that they are similarly situated in terms of the facts surrounding their claims and those of other employees. *See Reyes v. NY F&B Services LLC*, 2016 WL 796859, at *4 (S.D.N.Y. Feb. 22, 2016) ("Plaintiffs have failed to offer, for instance, any explanation as to the basis of their knowledge of other employees' compensation, and thus have not demonstrated that other classes of employees were 'similarly situated' to themselves."). Here, the only such facts are that specific supervisors supposedly caused wage hour violations by instructing off-the-clock work in direct breach of company policy. Accordingly, only to the extent those facts are common to a group of employees is a collective justified. *See Islam v. BYO Co. (USA)*, 2017 WL 2693717, at *7 (S.D.N.Y. June 20, 2017) (limiting collective to bussers as plaintiffs, former bussers of defendant restaurant did not satisfy their burden to make a "modest factual showing" that restaurants runners, servers, and bartenders "were victims of a common policy or plan that violated the law").

Insofar as Plaintiffs seek to certify a broad collective of all nonexempt employees on the basis of factual similarities of the employees' experiences, Plaintiffs' submissions are as

insufficient as their allegations are devoid of a company-wide unlawful policy or practice. Indeed, none of the Plaintiffs even bother to describe their job duties, but summarily conclude that they and other employees are "similar" or "interchangeable".  *See* Robreno Decl. ¶¶ 2-3; Brathwaite Decl. Decl. ¶¶ 2-3 and Barcenas Decl. ¶ 3. *See Feng*, 2015, WL 1061973, at *3 (denying conditional certification of a proposed broad collective and holding that  "to meet their burden, plaintiffs were obligated to provide some probative information regarding similarly situated employees, such as their names, duties and their hours worked")

Although Plaintiffs seek to conditionally certify a broad collective of "all non-exempt persons (including but not limited to, delivery persons, waiters, runners, bussers, porters, cooks, line-cooks, food preparers, dishwashers and bartenders), Plaintiffs and, if considered by the Court, the individuals who seek to become collective members (Ceras, Vasquez, Davis and Ndiaye) consist only of three porters, one of whom held supervisory duties,  a server employed for less than three months, one line cook who was employed for less than three months and a stocker employed for less than two months.[4] *See* Robreno Decl. ¶ 1; Brathwaite Decl. ¶ 1; Vasquez Decl. ¶ 1; Barcenas Decl. ¶ 1; Ceras Decl. ¶ 1; Ndiaye Decl. ¶ 1; Davis Decl. ¶ 1.

Courts in this district routinely limit the collective to specific jobs at specific locations where Plaintiffs, such as here, seek to certify an overly broad class. For example, in *Apolinar*, this Court refused to permit plaintiffs, two delivery persons, to certify a collective of "all non-managerial employees" and limited the collective to delivery persons who worked at the same location where the plaintiffs worked.  *Apolinar*, 2016 WL 2903278, at *7; *see also Alvarez v. Schnipper Restaurants LLC,* 2017 WL 6375793*, at *5*  (S.D.N.Y. Dec. 11, 2017) (plaintiffs' allegations with respect to non-delivery workers were "sparse" and as such only certification of

---

[4] Plaintiff Roberto Robreno held the position of Facilities Supervisor from March 2012 and, as such, supervised non-exempt employees within the Facilities Department. *See* DiSanto Decl. ¶ 3(g).

delivery workers was appropriate); *Ramos v. PJJK Rest. Corp.*, 2016 WL 1106373, at *1 (S.D.N.Y. Mar. 10, 2016) (plaintiffs' proposed collective of a range of employees, including cashiers, hosts, hostesses, porters, bartenders, barbacks, waiters and runners, was overbroad; as such certification was limited to bussers, food preparers, delivery persons, dishwashers and cooks); *Tamay v. Mr. Kabob Rest. Inc.*, 2016 U.S. Dist. LEXIS 5612, at *5-6 (S.D.N.Y. Jan. 15, 2016) (limiting conditional certification to deliverymen and kitchen staff, rather than "all non-managerial restaurant employees"); *Guo*, 2014 WL 5314822, at *3–4 (S.D.N.Y. Oct. 16, 2014) (certifying collective of deliverymen only because plaintiff provided "vague, conclusory, and unsupported assertions" about other types of employees).

Accordingly, in the event this Court grants Plaintiffs' motion, the collective should be limited to the following employees: (a) porters who worked at Eataly Flatiron within the three years preceding the filing of the Complaint for the same supervisors as Robreno; (b) porters who worked at Eataly FIDI within the two month period between July 11, 2016 through August 26, 2016 for the same supervisor as Brathwaite; and (c) if the Court should decide to rely upon Barcenas' declaration, waiters who worked at Eataly FIDI within the two month period between April 25, 2017 and June 27, 2017 for the same supervisor as Barcenas. *Id.*

**POINT II:**
**THE COURT SHOULD DENY PLAINTIFFS' MOTION TO**
**CERTIFY A COLLECTIVE OF ALL EATALY TIPPED EMPLOYEES**

Barcenas is the only plaintiff in this case who is a server.  The Court should deny his motion to certify a collective of tipped employees because: (a) Barcenas and his counsel are abusing the Court's processes by filing serial FLSA lawsuits and collective action motions; and (b) Barcenas has utterly failed to show any common policy or procedure of having tipped employees spend more than twenty percent (20%) of their time on non-tipped work.

### A. The Circumstances Surrounding Plaintiff Barcenas' Participation In this Action Provide Ample Basis For This Court To Deny Conditional Collective Certification.

This is the fourth FLSA lawsuit Barcenas and his law firm have brought together in recent years.  Barcenas and his law firm are abusing the Court's procedures to bring serial FLSA collective action claims.  The Court should refuse to countenance this and deny the motion to conditionally certify a collective on that basis alone.

The decision of whether to grant a motion for conditional certification of an FLSA collective action lies within the sound discretion of the district court. *Hoffman–La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989) (District courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b)….by facilitating notice to potential plaintiffs.").

There may be legitimate reasons for Barcenas' repeat performance as a tipped employee plaintiff in these FLSA lawsuits.  It is telling, however, that he consistently raises vague claims based on either knowledge in his sole possession or activities for which records need not be kept under the law (*i.e.*, "time-shaving" and spending more than 20% of time on non-tipped tasks).  *See* Fugazy Decl., Exhs. A-C. Virtually any employee in any workplace can allege such claims and such claims can survive a motion to dismiss because factual allegations must be accepted as true. The Court need not, however, accept those assertions at face value on a motion for conditional certification. After four lawsuits, the Court should be dubious of them at best and such allegations should be treated as insufficient to support a motion for conditional certification.

To put the matter bluntly, the Court should not countenance what appears to be a semi-professional plaintiff ginning up collective actions based on a few months of work at each of his many employers.  The Court should exercise its broad discretion to deny conditional certification. *See Auffray v. FXFL, LLC*, 2016 WL 6810863, at *2 (S.D.N.Y. Nov. 16, 2016) ("Plainly, conditional certification of a collective action is not mandatory[.]") (citing *Hoffman–La Roche*

*Inc.*, 493 U.S. 165); *Nguyen v. Versacom, LLC*, 2016 WL 6650860, at *6 (N.D. Tex. Nov. 9, 2016) (District courts retain significant discretion to manage collective action cases in a manner that promotes justice and judicial economy.)

**B. Plaintiffs Have Not Demonstrated a Common Policy that Tipped Employees Spend More than 20% of Their Time Performing Non-Tipped Work.**

Even if the Court chooses to credit Barcenas's assertions, the Court should deny Plaintiffs' motion to certify a tipped employee collective.

As the only tipped employee in the current action whose tenure as a waiter with Eataly totaled two months, his alleged experiences are insufficient to extrapolate to all tipped employees who worked at Eataly Flatiron and Eataly FIDI within the past six years. *See Apolinar*, 2016 WL 2903278, at *7 ("Simply put, plaintiffs' own experiences as delivery persons employed at the Toasties location owned by R.J. 49 says nothing about the existence of illegal employment policies at other Toasties locations or whether such policies also applied to employees who occupied other positions at the R.J. 49 location.").

Barcenas' declaration, which mirrors the allegations in the Complaint, is full of vague and conclusory allegations that he was "required" to spend "half" his time on non-tipped work such as cleaning and polishing silverware and that "other tipped employees" performed "similar non-tipped activities." Barcenas Decl. ¶ 11. Such conclusory allegations cannot sustain conditional certification. In *Uddin v. O'Brien Rest. Holding Co., LLC*, No. 16 Civ. 2098, Dkt. No. 67, at *9 (S.D.N.Y. Nov. 22, 2016), the Court denied collective certification with respect to plaintiffs' claim that tipped employees were required to spend more than 20% of their time performing non-tipped work because their declarations consisted only of "boilerplate, repetitive and conclusory statements" and made "no attempt to estimate the amount of time spent by other employees on

non-tip producing work relative to that spent on tip-producing work", and thus failed to satisfy the modest factual burden. Fugazy Decl., Exh. D.

Like the *Uddin* plaintiffs, Barcenas makes no effort to describe with specificity the amount of time spent on non-tipped work in relation to his tipped work. *See Uddin*, No. 16 Civ. 2098, Dkt. No. 67, at *9. He provides neither any specific conversations with, nor observations of, other employees.  He also fails to identify the other tipped employees he allegedly observed performing significant non-tipped work. Such lack of detail is not surprising given Barcenas' tenure with Eataly was only two months. Plaintiffs, therefore, are not entitled to conditional certification with respect to the claim of non-tipped work performed by tipped employees since they do not "provide *any* detail as to a *single* such observation or conversation." *See Sanchez*, 2014 WL 465542; *Hernandez v. NGM Mgmt. Grp. LLC*, 2013 WL 5700977, at *1–2 (S.D.N.Y. Oct. 18, 2013) (Denying collective certification of all tipped employees because plaintiff has not elaborated on how the 20% calculation of hours in his workdays that were spent on non-tipped duties was determined or how many employees he saw suffered from the same scheme or plan.). [5]

## CONCLUSION

Contrary to Plaintiffs' assertions, there is simply no evidence to suggest a company-wide policy or practice of time shaving affecting Plaintiffs or other similarly situated employees. Rather, Plaintiffs' support for their motion consists only of vague and isolated examples of allegedly wayward supervisors who instructed them to perform off-the-clock work, in direct contravention of Eataly policies and procedures.  Likewise, there is no evidence of a company-

---

[5] In the event this Court should grant Plaintiffs' motion, Defendants incorporate by reference the same objections made in their initial opposition to Plaintiffs' proposed Notice. Dkt No. 69, p. 24-25. Moreover, pursuant to this Court's May 2, 2018 Order, any reference to the individuals whose consent to sue letters were struck should be omitted from the Notice.

wide policy of requiring tipped employees to spend more than 20% of their time on non-tipped work. For those reasons, the Court should deny Plaintiffs' motion to conditionally certify a collective action.

Respectfully submitted,

ELLENOFF GROSSMAN & SCHOLE LLP

By:_____/S/_____
　　　　Amanda M. Fugazy
　　　　Stephania C. Sanon
　　　　Paul P. Rooney
　　　　1345 Avenue of the Americas, 11th Fl.
　　　　New York, New York 10105
　　　　Tel: (212) 370-1300
　　　　*Attorneys for Defendants*

Dated: May 18, 2018
　　　　New York, New York