UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 25, 2018

------------------------------------------------------------ X

ROBERTO ROBRENO, EARON
BRATHWAITE, and RICARDO BARCENAS,
on behalf of themselves and others similarly
situated,

                    Plaintiffs,

      -v-

EATALY AMERICA, INC., EATALY USA LLC,
EATALY NY LLC d/b/a EATALY NYC
FLATIRON, EATALY NY FIDI, INC. d/b/a
EATALY NYC DOWNTOWN, NICOLA
FARINETTI, ADAM SAPER, and ALEX
SAPER,

                    Defendants.

17-cv-9361 (KBF)

OPINION & ORDER

------------------------------------------------------------ X

KATHERINE B. FORREST, District Judge:

Roberto Robreno ("Robreno") and Earon Brathwaite ("Brathwaite"), on behalf of themselves and others similarly situated, originally commenced this action against defendants Eataly America, Inc. and associated parties (collectively, "Eataly" or "defendants") on November 29, 2017. (See generally Compl., ECF No. 1.) Plaintiffs subsequently filed an Amended Complaint on January 5, 2018 which added a named plaintiff (Ricardo Barcenas ("Barcenas") (together with Robreno and Brathwaite, ("plaintiffs")) and removed certain defendants, but retained substantially the same core allegations. (See generally Amend. Compl. ("FAC"), ECF No. 36.)[1] Plaintiffs allege, in sum, that defendants engaged in a number of

---

[1] Subsequent to filing the FAC, plaintiffs' counsel filed four "Consent to Sue" notices in an apparent attempt to add additional plaintiffs to this action. (See ECF Nos. 50-53.) On May 2, 2018, the Court struck those notices and made clear that additional plaintiffs could not be added absent a § 216(b) class or leave to file a second amended complaint. (ECF No. 81.) However, declarations from such

illegal employment practices under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (Id.)

Currently pending before the Court is plaintiffs' motion for conditional certification of a collective action pursuant to 29 U.S.C. § 216(b). (ECF No. 54.) Specifically, plaintiffs seek conditional certification of a class comprising all non-exempt employees employed by defendants within six years of the initial Complaint being filed. (See Mem. of Law. in Supp. of Pls.' Mot. ("Pls.' Mem.") at 1, ECF No. 55.) The key to plaintiffs' argument is the alleged existence of a company-wide policy or practice encompassing all Eataly locations and all supervisors with authority over wages and hours worked as to the prospective plaintiffs. As an initial matter, a six year period is not available under the FLSA. The FLSA has a statute of limitations of two years plus one additional year if willfulness is proven. Thus, from the outset, the maximum duration of any certification is three years.

Defendants oppose certification, arguing that plaintiffs have failed to sufficiently demonstrate that putative class members were subject to a company-wide policy or practice that violated the law, and therefore plaintiffs are not "similarly situated" to the potential opt-in plaintiffs under § 216(b). (See generally Defs.' Mem. of Law in Opp'n to Pls.' Mot. ("Defs.' Opp'n"), ECF No. 69.) Plaintiffs' replied on April 27, 2018 (ECF No. 80). Defendants submitted a supplemental opposition on May 18, 2018 (ECF No. 93), and plaintiffs submitted a supplemental reply on May 31, 2018 (ECF No. 98).

---

individuals are cognizable on this motion. See, e.g., Flood v. Carlson Rests., Inc., 2015 WL 260436, at *2 (S.D.N.Y. 2015) (internal quotation omitted).

I.      LEGAL PRINCIPLES

Section 216(b) of the FLSA authorizes employees to maintain collective actions where they are "similarly situated" with respect to the alleged violations of the FLSA.  See 29 U.S.C. § 216(b); Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010).  Similarly situated employees must "opt in" to an action by filing a "consent in writing to become . . . a party."  29 U.S.C. § 216(b).

In the Second Circuit, certification of a "collective action" is a two-step process.  See Myers, 624 F.3d at 554-55.  At the first step (conditional certification), the Court simply authorizes notice to be sent to potential similarly situated plaintiffs.  Id. at 555.  Plaintiffs bear the light burden of making a "modest factual showing" that the named initial plaintiffs and the potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law."  Id. (quoting Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997)).  The burden may be satisfied through the pleadings and affidavits alone.  Iglesias-Mendoza v. La Bell Farm. Inc., 239 F.R.D. 363, 367 (S.D.N.Y. 2007).  In addition, the Court may consider affidavits and/or declarations submitted by potential opt-in class members.  See, e.g., Flood, 2015 WL 260436, at *2 (internal quotation omitted).

At the second step, defendants have the opportunity to move for decertification if, after additional discovery, the record shows that the opt-in plaintiffs are not, in fact, similarly situated to the named plaintiffs.  See Myers, 624 F.3d at 555.

II.    DISCUSSION

A.    Conditional Certification

At this stage of the litigation, plaintiffs have made a sufficient showing to warrant conditional certification of a collective action under § 216(b), but not of the breadth requested.  Accordingly, and for the reasons stated below, the Court hereby conditionally certifies a § 216(b) collective comprised of non-exempt employees supervised by certain managers/supervisors (as specified below) during the duration of the corresponding plaintiffs' employment.

As an initial matter, defendants have stipulated that between August 2016 and the present, they operated as a "single integrated enterprise" for purposes of the FLSA and NYLL.  (ECF No. 78.)  Accordingly, the fact that the corporate defendants in this action are technically different entities with different retail locations does not impact the pending § 216(b) motion (though such facts, if proven, could be relevant for purposes of decertification or on summary judgment).

Plaintiffs seek certification of a collective action comprising every non-exempt Eataly employee, working at every location, for the past six years.  As previously noted, however, the FLSA has a maximum statute of limitations of three years. Thus, the request for certification of class extending six years is too long.  In addition, plaintiffs have not made even a "modest factual showing" that all non-exempt Eataly employees were victims of a company-wide policy or plan that violated the FLSA and NYLL.  See Myers, 624 F.3d at 554-55.  At most, plaintiffs have sufficiently demonstrated that specific supervisors and/or managers at Eataly

violated the relevant statutes by engaging in "time shaving" and other illegal practices. Specifically, plaintiffs have made allegations against the following persons:

- Robreno alleges, in sum, that he was routinely instructed by managers "Ogy (a/k/a Agustin) and Marcos" to perform unpaid off-the-clock work during the course of his employment at Eataly Flatiron from June 2010 until June 12, 2017 (see Decl. of Roberto Robreno ("Robreno Decl.") ¶ 6, ECF No. 56)[2];

- Brathwaite alleges, in sum, that he was routinely instructed by managers "Noel and Fernando" to perform unpaid off-the-clock work during the course of his employment from May 2016 until September 2016 at Eataly Downtown (see Decl. of Earon Brathwaite ("Brahtwaite Decl.") ¶ 6, ECF No. 57); and

- Barcenas alleges, in sum, that he was routinely instructed by managers "Conor and Eleonora" to perform unpaid off-the-clock work during the course of his employment from April 15, 2017 until June 27, 2017 at Eataly Flatiron and Downtown (see Decl. of Ricardo Barcenas ("Barcenas Decl.") ¶ 6, ECF No. 58).

Such allegations are sufficient to justify a narrow § 216(b) collective action comprising non-exempt employees supervised and/or managed by the named individuals during the duration of the corresponding plaintiffs' employment. But

---

[2] Putative opt-in plaintiff Catalina Vazquez made similar allegations against the manager "Agustin." See Decl. of Catalina Vazquez ("Vazquez Decl.") ¶ 6, ECF No. 59.)

there is no basis in the record—besides plaintiffs' vague and conclusory assertions—that other non-managerial employees at Eataly were subject to the same treatment, or that the specific managers/supervisors acted pursuant to a company-wide custom or policy. Thus, there is no basis for this Court to certify a broader class. As courts in this Circuit have repeatedly held, vague allegations based on uncorroborated anecdotal hearsay are too tenuous to support the existence of a common policy across an entire organization or employer. See, e.g., Apolinar v. R.J. 49 REST., LLC, 2016 WL 2903278, at *7 (S.D.N.Y. 2016) (collecting cases). Put simply, plaintiffs' vague and anecdotal allegations are insufficient to justify a sprawling § 216(b) collective action comprising every single non-exempt employee that worked for Eataly over the past six years.

As defendants correctly note, the only thread that ties plaintiffs' allegations together is that their respective managers and/or supervisors engaged in certain conduct that violated the FLSA and NYLL. Therefore, the only employees who would be "similarly situated" to the current plaintiffs are those who were managed and/or supervised by the named individuals—i.e., Ogy (a/k/a "Agustin"), Marcos, Noel, Fernando, Conor, and Eleonora—during the duration of the corresponding plaintiffs' employment. Accordingly the Court hereby conditionally certifies a collective action of all present and former Eataly employees who: (a) worked for the same supervisor(s) as Robreno (Ogy (a/k/a Agustin) and/or Marcos) during the period from June 2010 until June 12, 2017; (b) worked for the same supervisor(s) as Brathwaite (Noel and/or Fernando) during the period from May 2016 until

September 2016; or (c) worked for the same supervisor(s) as Barcenas (Conor and/or Eleonora) during the period from April 15, 2017 until June 27, 2017.

      B.     <u>Plaintiffs' Proposed Notice and Consent Form</u>

In conjunction with their motion for conditional certification, plaintiffs have also submitted a proposed notice and consent form to be sent to potential opt-in plaintiffs. (<u>See</u> ECF No. 55-1 Ex. A.) "The Notice provisions of 216(b) were intended to achieve judicial efficiency by settling the claims of similarly situated employees at the same time." <u>Fasanelli v. Heartland Brewery, Inc.</u>, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007) (citing <u>Hoffmann-La Roche Inc. v. Sperling</u>, 493 U.S. 165, 170 (1989)). The benefits afforded by a collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." <u>Id.</u> The Court exercises significant discretion in determining the scope and content of such notice. <u>See</u> <u>Whitehorn v. Wolfgang's Steakhouse</u>, 767 F. Supp. 2d 445, 450 (S.D.N.Y. 2011) (citing <u>Sperling</u>, 493 U.S. at 170).

Defendants take issue with various portions of plaintiffs' proposed notice, arguing that it is not "neutral" and must be modified. (<u>See</u> Defs.' Opp'n at 24-25.) The Court agrees with each of defendants' proposed revisions as set forth in their opposition dated April 13, 2018, and hereby ORDERS that the notice be so modified prior to issuance. In addition, the proposed notice must be modified to reflect the scope of the certified § 216(b) collective action as set forth in this Opinion & Order. Accordingly, the parties are hereby directed to meet and confer regarding changes

that must be made to the proposed notice (including those that the Court has ordered herein), and to submit a revised proposal to the Court not later than **Monday, July 2, 2018**. The Court will review and consider a certified Spanish-language translation once the final notice is approved.

        C.      <u>Other Requested Relief</u>

In addition to conditional certification and approval of the proposed notice, plaintiffs also seek production of a list of all covered employees who were employed by defendants in the past six years including names, social security numbers, titles, compensation rates, last known mailing addresses, email addresses, telephone numbers, and dates of employment. (<u>See</u> Pls.' Mem at 14-15.) Defendants argue that plaintiffs' request is overbroad, and that in any event plaintiffs' request for social security numbers, compensation rates, email addresses, and telephone numbers should be denied. (<u>See</u> Defs.' Opp'n at 25.) The Court agrees that the requested discovery is overbroad and overly intrusive. Accordingly, the Court hereby ORDERS that defendants need only produce a list of employees who were employed by the specific supervisors identified in this Opinion & Order during the relevant time periods. That list need only contain each employee's: (1) name; (2) job position; (3) dates of employment; and (4) last known contact (e-mail and/or mailing address).

Finally, plaintiffs have requested equitable tolling of the FLSA statute of limitations until they are able to send notice to potential opt-in plaintiffs. (<u>See</u> Pls.' Mem. at 16.) That request is DENIED. Equitable tolling is only warranted in

circumstances where "a [party] has been prevented in some extraordinary way from exercising his rights." Iavorski v. U.S. Immigration & Naturalization Servs., 232 F.3d 124, 129 (2d Cir. 2000) (quoting Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996)) (alteration in original).  Here, there has been no showing of any "extraordinary circumstance" that would justify equitable tolling of the limitations period.

III.    CONCLUSION

    For the reasons stated above, plaintiffs' motion for conditional certification and court-authorized notice pursuant to § 216(b) is GRANTED in part and DENIED in part.  The Court hereby conditionally certifies a collective action of all present and former Eataly employees who: (a) worked for the same supervisor(s) as Robreno (Ogy (a/k/a Agustin) and/or Marcos) during the period from June 2010 until June 12, 2017; (b) worked for the same supervisor(s) as Brathwaite (Noel and/or Fernando) during the period from May 2016 until September 2016; or (c) worked for the same supervisor(s) as Barcenas (Conor and/or Eleonora) during the period from April 15, 2017 until June 27, 2017.

    The parties are directed to meet and confer regarding changes to plaintiffs' proposed notice and to submit a revised version to the Court for approval not later than **Monday, July 2, 2018**.  The Court will set a notice period once a final form of notice has been approved.

The Clerk of Court is directed to close the open motion at ECF No. 54.

SO ORDERED.

Dated:     New York, New York
           June 25, 2018

_____
KATHERINE B. FORREST
United States District Judge